IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

LEON GREEN BEY,  :
 :
    Petitioner  :
 :
    v.  :   CIVIL NO. 4:CV-14-1612
 :
DOMINICK L. DEROSE., ET AL.,  :   (Judge Brann)
 :
    Respondents  :

## MEMORANDUM

October 8, 2014

**Background**

    This pro se petition for writ of habeas corpus under 28 U.S.C.§ 2241 was filed by Leon Green Bey, a federal pre-trial detainee presently confined in the Dauphin County Prison, Harrisburg, Pennsylvania. The Petition is accompanied by a request for leave to proceed in forma pauperis. For the reasons set forth below, Green Bey' petition will be dismissed without prejudice.

    Named as Respondent s are Warden Dominick L. DeRose of the Dauphin County Prison United States Attorney Peter Smith of the United States District Court for the Middle District of Pennsylvania.[1]  Green Bey's action challenges the legality

---

1. The only properly named Respondent in a federal habeas corpus action is Petitioner's custodial official. See 28 U.S.C. § 2242. Accordingly, Warden DeRose will be deemed the sole Respondent.

of his ongoing federal criminal prosecution in this district before Chief Judge Christopher C. Conner.  See United States v. Green, Case No. 1:13-CR-210.[2]

Petitioner generally asserts that because he is a "free Moorish American national of the North Gate also (North America)" he is entitled to protection under the "Moroccan Treaty of peace and friendship between the U. S. Government and the Free Moors of 1786."  Doc. 1, p. 1.  As relief, Green Bey indicates that he is seeking dismissal of the federal indictment and his release from custody.

**Discussion**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition

---

2.  A review of the docket from Petitioner's federal criminal prosecution indicates that on November 7, 2013, he was ordered to be detained pending trial.
   Jury selection and trial in Green Bey's federal criminal case are presently scheduled for November 3, 2014.

itself . . . ."  Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970).  Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991).

Petitioner acknowledges that he has not yet been convicted or even tried of the federal criminal offenses/indictment underlying this action.  The United States Court of Appeals for the Third Circuit has stated "that simply being indicted and forced to stand trial is not generally an injury for constitutional purposes but is rather one of the painful obligations of citizenship."  Stolt-Nielsen, S.A. v. United States, 442 F.3d 177, 184 (3d Cir. 2006) (internal citation omitted).  In Stolt-Nielsen, the Third Circuit refused to grant an injunction against an anticipated indictment.  The Third Circuit Court of Appeals observed:

> the adversary system "afford[s] defendants, after indictment, a federal forum in which to assert their defenses-including those based on the Constitution.  Because these defendants are already guaranteed access to a federal court, it is not surprising that subjects of federal investigation have never gained injunctive relief against federal prosecutors."

Id. at 185 (quoting Deaver v. Seymour, 822 F.2d 66, 69-70 (D.C. Cir. 1987).  Moreover, a "'suit in equity does not lie where there is a plain, adequate and complete remedy at law . . . [that is] as complete, practical and efficient as that which equity could afford.'"  Id. at 187 (quoting Terrace v. Thompson, 263 U.S. 197, 214 (1923)).  Here, Green Bey has a plain, adequate and complete remedy at law in that he can pursue his instant objections to the legality of his indictment and his pre-trial detention in his ongoing federal criminal proceedings.

Furthermore, even if convicted of the pending federal charges, Petitioner's remedy would be to pursue a direct appeal, and if not successful therein, to then seek collateral relief under 28 U.S.C. § 2255. It is simply not appropriate at this juncture for the Petitioner to challenge the legality of his ongoing federal criminal prosecution via a federal habeas corpus petition before this Court. There is nothing to suggest that Green Bey cannot litigate the merits of his present arguments in his ongoing federal prosecution, or thereafter before the Court of Appeals.[3] Accordingly, since intervention by this Court is not appropriate, Green Bey's petition for writ of habeas corpus will be denied as meritless. See Sedlak v. United States, 2009 WL 4327563 *2 (M. D. Pa. Nov. 30, 2009)(Jones, J.). An appropriate Order will enter.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

3.   It is noted that unlike his present action, Petitioner is represented by counsel in his federal criminal prosecution.